**Henry PLATSKY, Plaintiff,**

v.

**Doris KILPATRICK, Maria Cruz, Albert Cruz, the Majestic Hotel, the New York Urban Coalition Housing Group, Gregory Cohen, Donald Elliott, Steven Cohen, Seth Miller, the State of New York Division of Housing and Community Renewal Office of Rent Administration, Cindy Friedmutter, the New York State Office of Mental Health, Inspector Quinlan, Detective O'Malley, and the 84th Precinct of the New York City Police Department, Defendants.**

No. CV–91–3292.

United States District Court, E.D. New York.

Dec. 23, 1991.

Henry A. Platsky, pro se.

Richard M. Cherry, New York City, for defendants Urban Coalition Housing Group, Gregory Cohen, Doris Kilpatrick, Maria Cruz, Don Elliott and Albert Cruz.

Vincent Leong, Asst. Atty. Gen., New York City, for defendants N.Y.S. Div. of Housing and Community Renewal Office of Rent Admin. and N.Y.S. Office of Mental Health.

Sergio J. Tuero, Asst. Corp. Counsel, Law Dept., New York City, for defendants New York City Police Dept., et al.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

This is a civil rights action brought by Henry Platsky, pro se, under 42 U.S.C. §§ 1985(3) and 1986 against Doris Kilpatrick, Maria Cruz, Albert Cruz, Gregory Cohen, Donald Elliott, the Majestic Hotel, and the New York Urban Coalition Housing Group (the "Housing Group") (collectively, the "Coalition defendants"); against Steven Cohen, Seth Miller, Cindy Friedmutter, the New York State Division of Housing and Community Renewal Office of Rent Administration ("DHCR"), and the New York State Office of Mental Health ("OMH") (collectively, the "state defendants"); and against Inspector Quinlan, Detective O'Malley, and the 84th Precinct of the New York Police Department (collectively, the "municipal defendants"). The complaint alleges that the defendants Doris Kilpatrick, Maria Cruz, and Albert Cruz violated Section 1985(3) through their attempts "to deprive plaintiff of equal privileges and immunities under the law by conspiring to harass, intimidate, threaten, falsely arrest and evict plaintiff because of his political beliefs." Complaint ¶ 4. He alleges that the other Coalition defendants, the state defendants, and the municipal defendants violated Section 1986 by "neglecting to prevent said conspiracy despite having knowledge of the wrongs conspired to be done and being in position where reasonable diligence could have prevented said wrongs." *Id.* ¶ 5. On these motions, the state defendants move to dismiss the complaint for failure to state a claim under Section 1986 and also on the grounds of lack of subject matter jurisdiction; the Coalition defendants move to dismiss for failure to state a claim under Section 1985 and also on the grounds of issue and claim preclusion. The municipal defendants have

not asserted any position on these motions. For the reasons set forth below, the motions of the defendants are granted in part and denied in part.

## FACTS

At the time of the events that gave rise to this action, the plaintiff was a resident of the Majestic Hotel in Brooklyn. *Id.* ¶ 1. The hotel was "taken over" by the OMH in June of 1990 "in order to protect the low rent rooms being occupied by mentally disabled individuals." *Id.* ¶ 6. It appears that, through an arrangement with OMH, the New York Urban Coalition Housing Group managed the hotel. Defendants Gregory Cohen and Donald Elliott were officers of the Housing Group; defendants Doris Kilpatrick, Maria Cruz, and Albert Cruz were employees of the Housing Group assigned to managerial positions at the hotel. *Id.* ¶¶ 2, 6. The plaintiff states that "[u]pon taking over as Manager of the hotel, Ms. Kilpatrick, assisted by Ms. Cruz and Ms. Cruz's son Albert began a systematic campaign to harass plaintiff." *Id.* ¶ 6. Among the harassing acts alleged by plaintiff were threats of physical harm by Doris Kilpatrick, unauthorized entry of his room at the hotel, and threats with a firearm by Albert Cruz. *See, e.g., id.* ¶¶ 13, 18, 19, and 20.

He states that he "came to learn, through confidential communication on the part of employees of the hotel, that the reason for this campaign of harassment was the socialist politics of the plaintiff." *Id.* at 7. The plaintiff informed both DHCR and the Housing Group "of the situation at the [hotel]...." *Id.* ¶ 8. He also "appraised [defendant Cindy] Friedmutter of the situation at the Majestic Hotel." *Id.* at 9. Ms. Friedmutter "is responsible for housing at the New York State Department of Mental Health [i.e., OMH]...." *Id.* ¶ 2.

In July of 1990, the DHCR, in response to a formal complaint from the plaintiff, mediated an agreement between the plaintiff and the managers of the hotel. *Id.* ¶ 12. Defendants Steven Cohen and Seth Miller represented DHCR in the disposition of the plaintiff's complaint. *Id.* ¶ 2. Under this agreement, the plaintiff agreed to pay his rent in a timely manner, and the managers agreed to advise him before entering his room for renovation purposes. *Id.* at 12; Appendix 2 to Complaint.

Plaintiff alleges that the harassment by the Coalition defendants continued and that he filed a second complaint with DHCR. He alleges that defendant Miller was not responsive to his complaint or to a subsequent letter dated November 24, 1990 in which the plaintiff set forth a long list of harassing incidents that had occurred since the date of the mediation conference at DHCR. *Id.* at 15; Appendix 1 to Complaint.

Plaintiff then contacted defendant Friedmutter at OMH; she arranged for a November 30, 1990 meeting among plaintiff, the hotel managers, and an OMH representative. *Id.* ¶ 9. Plaintiff, however, was arrested on the morning of November 30, 1990 by officers of the defendant 84th Precinct "on a false complaint filed by Albert Cruz...." *Id.* ¶¶ 9—10. Plaintiff missed the scheduled meeting, and Ms. Friedmutter refused to schedule a second conference. *Id.* ¶ 10.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed upon motion for "failure to state a claim upon which relief can be granted." When a court rules on such a motion, it "is required to accept the material facts alleged in the complaint as true...." *Easton v. Sundram,* 947 F.2d 1011, 1014 (2d Cir. 1991). The question to be answered is whether or not the complaint sets forth a legally cognizable claim. Hence:

[The court may not dismiss an action under Rule 12(b)(6)] "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson,* 355 U.S. 41, 45–46 [78 S.Ct. 99, 102, 2 L.Ed.2d 80] (1957); *see also Branum v. Clark,* 927 F.2d 698, 705 (2d Cir.1991).

*Easton,* at 1014. This admonition not to dismiss under Rule 12(b)(6) assumes greater force if, as is the case here, the complaint is pro se or if the complaint alleges a violation of civil rights. *Id.* at 1015.

### 1. *The Section 1985(3) Claim*

■ Section 1985(3) of Title 42 of the United States Code provides, in relevant part:

If two or more persons in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws ... the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

The state defendants correctly argue that an element of an action under Section 1985(3) is a "class-based animus" of the defendants directed at the plaintiff as a member of that class:

The language requiring intent to deprive of *equal* protection, or *equal* privileges and immunities, means that there must be some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' action.

*Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). Moreover, the state defendants and the Coalition defendants do not appear to contest the rule of the Second Circuit that a *political* animus—rather than a racial animus— is adequate under Section 1985(3). *See Keating v. Carey,* 706 F.2d 377, 386–88 (2d Cir.1983) (because Section 1985(3) "prohibit[s] political discrimination in general," Republicans are protected class under statute).

The argument of the defendants is that the plaintiff has failed to allege a factual basis for his conspiracy allegations. They argue: "[H]e alleges no facts which demonstrate any class-based animus by [Doris Kilpatrick, Maria Cruz, and Albert Cruz]." State Defendants' Memorandum at 11. Also: "There are no allegations in the Complaint that, if proven, would indicate that the Coalition Defendants were informed of Plaintiffs [sic] political beliefs or that Plaintiff belonged to a political cause." Coalition Defendants' Memorandum at 4.

These contentions, however, ignore the mandate that a court may not dismiss an action under Rule 12(b)(6) "unless it appears *beyond doubt* that the plaintiff can prove *no* set of facts in support of his claim which would entitle him to relief...." *Conley,* 355 U.S. at 45–6, 78 S.Ct. at 101–03 (emphasis added). Moreover, this court must remember the indulgence due to a pro se complaint that alleges deprivations of civil rights. *Easton,* at 1015. Under these standards, the motions of the defendants to dismiss the Section 1985(3) claim must be denied. The plaintiff alleges—and the court must accept his allegations as true for the purposes of this motion—that he "came to learn, through confidential communication on the part of employees of the hotel, that the reason for this campaign of harassment was the socialist politics of the plaintiff." Complaint ¶ 7. Certainly, if this allegation is true, the plaintiff can demonstrate a class-based animus of the defendants predicated on the politics of the plaintiff. In light of this contention, this court cannot find that "the plaintiff can prove *no* set of facts in support of his claim."

### 2. *The Section 1986 Claim*

■ State defendants Cindy Friedmutter, Steven Cohen, and Seth Miller also move to dismiss the Section 1986 claim. That statute provides, in relevant part:

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so, if such wrongful act be committed, shall be liable to the party injured ... for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented....

The defendants correctly state that, on the plain meaning of Section 1986, a defendant

must have knowledge "of the wrongs conspired to be done" in violation of Section 1985. Again, the defendants argue that the "complaint does not set forth facts demonstrating that the State defendants knew or had reason to know that there was a conspiracy in violation of § 1985." State Defendants' Memorandum at 12.

Again, however, under the liberal construction that is to be afforded a pro se civil rights complaint on a Rule 12(b)(6) motion, this court cannot conclude that it is "beyond doubt" that "the plaintiff can prove no set of facts to support his claim." Rather, the plaintiff alleges that he "appraised Ms. Friedmutter of the situation at the Majestic Hotel," Complaint ¶ 9, and that he "explained [to her] that he was arrested on a false complaint filed by Albert Cruz and that this was just another example of the tactics of the hotel management," Complaint ¶ 10. It is hardly "beyond doubt" that the plaintiff cannot ultimately demonstrate that the contents of these communications to Ms. Friedmutter included notice to her of the alleged Section 1985(3) conspiracy to deprive him of his civil rights. So too is it possible that plaintiff notified defendants Seth Miller and Steven Cohen—who were in contact with the plaintiff at DHCR—of the alleged conspiracy during his communications to them regarding his complaints of harassment. *See* Complaint ¶ 15. Thus, it simply cannot be concluded that the plaintiff has failed to allege any factual basis for his Section 1986 claim; accordingly, this motion of the defendants must be denied.

3. *Claim Preclusion and Issue Preclusion*

■ The Coalition defendants also argue that the plaintiff's claim of harassment is barred under the doctrines of claim preclusion and of issue preclusion. First, the defendants contend that the mediation conference conducted by DHCR between plaintiff and the hotel management has preclusive effect:

Plaintiff raised a claim of harrassment [sic] with the appropriate State officials responsible for monitoring landlord tenant relations, the Division of Housing and Community Renewal. In a determination made after a full hearing, DHCR determined that there had been no harrassment [sic]. As further stated in the Complaint, Plaintiff has formally requested that his case be reopened and this request has yet to be acted on by DHCR.

Coalition Defendants' Memorandum at 3. However, the Supreme Court has held that preclusive effect attaches to administrative proceedings only if the "administrative agency is acting in a *judicial capacity* and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate...." *United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966) (emphasis added). Further, "[a]n action taken by an administrative agency ... is not an adjudicated action unless the agency has made its decision using procedures substantially similar to those employed by the courts." *Delamater v. Schweiker*, 721 F.2d 50, 53 (2d Cir.1983). Here, the action to which defendants refer was a "mediation" proceeding conducted by DHCR. There is not the least intimation in the "mediation agreement" that issued from that proceeding (Appendix 2 to Complaint) or in the letter in which defendant Seth Miller memorialized the results of that meeting (Appendix 3 to Complaint) that the DHCR there employed "procedures substantially similar to those employed by the courts." Rather, it appears to have been the purpose of that conference to persuade the parties—the plaintiff and the hotel management—to reconcile their differences. Such a proceeding does not have preclusive effect on a civil rights action in a federal court. *See, e.g., Astoria Federal Savings and Loan Assoc. v. Solimino*, —— U.S. ——, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991) (state administrative proceedings under Age Discrimination in Employment Act do not have preclusive effect in federal courts).

■ Second, the defendants urge that eviction proceedings in the New York State Housing Court against the plaintiff have

preclusive effect on this action. They argue that:

> [W]hen Defendant N.Y. Urban Coalition Housing Group filed an action to evict Plaintiff for non-payment of rent, Plaintiff was afforded an opportunity to defend against such action with a claim of harrassment [sic]. The State Housing Court regularly entertains and hears such claims. Plaintiff chose not to pursue his claim in the State Court. Instead Plaintiff voluntarily moved from the Hotel and filed this Federal Action.

Coalition Defendants' Memorandum at 3. This terse and uninformative passage in the defendants' argument, however, does not give this court an adequate foundation on which to hold that the plaintiff's action is barred. Claim preclusion attaches after a "final judgment on the merits;" issue preclusion takes effect "once a court has decided an issue of law or fact necessary to its judgment...." *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). It is not possible to discern from this thin submission of the defendants whether a New York state court has indeed reached a "final judgment on the merits" or has "decided an issue of law or fact" concerning the plaintiff's harassment claims. For these reasons, then, the motion of the Coalition defendants to dismiss this action as precluded must be denied.

4. *Lack of Subject Matter Jurisdiction*

 Finally, defendants DHCR and OMH argue that the plaintiff's Section 1986 action against them must be dismissed because a state agency is not a "person" within the meaning of Section 1986; as such, they argue, a state agency cannot be sued under that statute. This argument is correct. *Seibert v. University of Oklahoma Health Sciences Center,* 867 F.2d 591 (10th Cir.1989) (Eleventh Amendment bars Section 1986 suit against state); *Coffin v. South Carolina Department of Social Services,* 562 F.Supp. 579 (D.S.C. 1983) (state agency not "person" under Section 1986). Because a state agency is not a "person" under Section 1986, this court does not have subject matter jurisdiction for the actions against DHCR and OMH; this part of the complaint must therefore be dismissed under Federal Rule of Civil Procedure 12(b)(1).

### CONCLUSION

For the reasons set forth, the motion of the defendants to dismiss the action against the state agency defendants, OMH and DHCR, is hereby granted; the motions of the defendants to dismiss as to all other claims against all other defendants are hereby denied.

SO ORDERED.